# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AREA 55, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SURE FIT HOME DÉCOR, LLC, an Illinois limited liability company, fka FOCUS PRODUCTS GROUP INTERNATIONAL, LLC, et al.,<br><br>Defendants. | CASE NO. 3:19-cv-90-LAB (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' INSUFFICIENT DEFENSES [Dkt. 26];**<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY [Dkt. 36]** |

Currently before the Court is Plaintiff Area 55's motion to strike Defendant Sure Fit's[1] affirmative defenses. For the reasons below, that motion is **GRANTED**.

**I.  Legal Standard**

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Affirmative defenses "deny plaintiffs right to recover, even if the allegations of the complaint are true." *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987). "A statement that denies plaintiff's prima facie case is not an affirmative

---

[1] Area 55 sued two related entities, Sure Fit Home Décor, LLC and SF Home Décor, LLC. They are collectively referred to as "Sure Fit" here.

- 1 -

defense." *Joe Hand Promotions, Inc. v. Kurti*, 2015 WL 5276691, at *1 (S.D. Cal. 2015). Properly pleaded affirmative defenses must "give plaintiff fair notice of the defense." *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Although a defense need not include extensive factual allegations to give fair notice, *Sec. People, Inc. v. Classic Woodworking, LLC*, 2005 WL 645592, at *2 (N.D. Cal. 2005), bare statements reciting mere legal conclusions may be insufficient. *CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 WL 3517617, at *7 (N.D. Cal. 2009). Where a court strikes an affirmative defense, leave to amend is ordinarily given freely. *See Wyshak*, 607 F.2d at 826-27 (9th Cir. 1979).

## II. Defenses That Are Not Affirmative Defenses

Sure Fit's second defense—that Area 55 has failed to state a claim upon which relief may be granted—is not an affirmative defense. *See J&J Sports Prods., Inc. v. Juarez*, 2016 WL 795891, at *1 (S.D. Cal. 2016).

Sure Fit's fifth defense—that Area 55's claimed damages are in excess of those permitted by statute and that the contractual provisions relied upon to assert the damages are unenforceable penalty clauses—merely denies an element of Area 55's claim; it's not an affirmative defense. *See Joe Hand Promotions, Inc. v. Davis*, 2012 WL 4803923, at *4 (N.D. Cal. 2012); *see also Hernandez v. Cty. of Monterey*, 306 F.R.D. 279, 285 (N.D. Cal. 2015) ("[A] defense targeting the amount of the recovery is a limitation rather than an affirmative defense.").

Likewise, Sure Fit's eleventh defense, which states that it did not materially breach the agreements, is a denial of the allegations of the claim and not an affirmative defense.

## III. Insufficiently Alleged Affirmative Defenses

Defenses three, four, six, seven, eight, nine, ten, twelve, thirteen, and fourteen are insufficiently alleged because they're legal conclusions. They merely recite the respective legal doctrines without factual allegations to give Area 55 fair notice of the defenses. *See CTF Dev., Inc.*, 2009 WL 3517617, at *7.

/ / /

## IV. Conclusion

Area 55's motion to strike is **GRANTED**. Dkt. 26. Sure Fit's second, fifth, and eleventh affirmative defenses are stricken without leave to amend. Defenses three, four, six, seven, eight, nine, ten, twelve, thirteen, and fourteen are stricken with leave to amend. Sure Fit may file an amended answer by **August 16, 2019**.

Sure Fit also sought leave to file a sur-reply in support of its opposition. The arguments in that brief are immaterial to the Court's conclusion here, so that motion is **DENIED**. Dkt. 36. As both sides are aware, "the [C]ourt's time is valuable and motions to strike are disfavored." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1175 (N.D. Cal. 2010). Using even more of the Court's time by expanding the briefing on an already-disfavored motion is not well taken. The parties should work together in the future to resolve their disputes informally and avoid unnecessary motion practice.

**IT IS SO ORDERED**.

Dated: July 26, 2019

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge